IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00788-BNB

COSTON MAJETTE III,

    Applicant,

v.

CHARLES R. DAVIS, Warden, USP Florence,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Coston Majette III, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Majette, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paying the $5.00 filing fee. The Court must liberally construe the Application because Mr. Majette is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    Under 28 U.S.C. § 2254(b)(2), the Court may proceed to decide the merits of Applicant's claims without addressing exhaustion issues. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted). For the reasons stated below, the Court will deny the Application and dismiss the action.

    Mr. Majette asserts that he should not be denied the opportunity to earn two and one-half years of good conduct time. Mr. Majette contends that he should be able to

earn the good conduct time because (1) his federal sentence started to run before his state sentence; (2) the state sentencing judge ordered his sentence to run concurrent with his federal sentence; and (3) both the state and federal sentencing judges agreed that he receive credit for the time he served at the county jails where he was housed during his trials.

Mr. Majette does not state a due process claim based on the inability to earn good time credits under 18 U.S.C. § 3624(b) unless he has a liberty interest in earning the credits. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A constitutionally-protected liberty interest may arise from either the Due Process Clause itself or from a state or federal law. *See id.*; *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Constitution does not itself afford a convicted person any right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, (1979). Nor does Section 3624(b) create a liberty interest in early release. The statute provides that a federal prisoner may receive up to 54 days of credit toward the service of the prisoner's sentence, beyond the time served, "subject to determination by [the BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Because the statute allows the BOP discretion to deny the requested relief, it does not create a constitutionally-recognized liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (construing 18 U.S.C. § 3621(e)(2)(B)) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

A denial of early release eligibility does not subject a prisoner to an atypical or significant hardship for the purpose of establishing a protected liberty interest. *See*

*Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest arises only if prisoner is subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."). The Application, therefore, will be denied because Mr. Majette fails to assert a cognizable federal habeas claim in the denial of the opportunity to earn good conduct time.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Majette files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice for failure to assert a cognizable federal habeas claim. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of   March  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court